# TEICH GROH
AN ASSOCIATION OF
A PROFESSIONAL CORPORATION & LIMITED LIABILITY COMPANY
COUNSELLORS AT LAW
691 STATE HIGHWAY 33
MERCERVILLE
TRENTON, NEW JERSEY 08619-4492

(609) 890-1500

FAX NO. (609)890-6961

ARTHUR TEICH  (1915-1997)
WILLIAM C. GROH, (1921-2007)
BARRY W. FROST*
CAROL OSWALD
CAROL L. KNOWLTON†
ALLEN I. GORSKI†
GARY R. BACKINOFF†
BRIAN W. HOFMEISTER
JENNIFER ZOSCHAK

RICHARD J. ALPHONSE
REBECCA R. FAULKNER†
KYLE EINGORN†

* NJ AND NY BAR
† NJ AND PA BAR
○ NJ, NY, CT AND DC BAR

BRANCH OFFICE:

34 FRANKLIN CORNER ROAD
LAWRENCEVILLE, NJ 08648
(609) 844-0488
(609) 844-0784

December 17, 2013

Honorable Christine M. Gravelle
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

    Re:    Liza Price Rappaport
            Case No. 11-37107-CMG

            Motion to Sell Property Free and Clear of Liens Pursuant to 11 U.S.C. §363
            Return Date: December 17, 2013

Dear Judge Gravelle:

        This office represents the Debtor in the above-referenced matter. Please accept this letter in lieu of a more formal memorandum in reply to Nationstar Mortgage's objection to the Debtor's Motion to Sell Real Estate Pursuant to 11 U.S.C. §363. The pertinent facts regarding this Motion have been set forth in the response filed by Timothy Duggan, Esq., of Stark & Stark, on behalf of Farm Credit East.

        Nationstar is now, ten (10) months after confirmation of the Plan, for the first time, raising an issue of the priority of its claim. The Debtor asserts that Nationstar is too late to assert this claim. Nationstar, or its predecessor in interest, had ample notice of the Debtor's position that its mortgage is third in priority. Debtor's Schedule D, filed at the beginning of the case, delineates the priority of the mortgages against the subject property, 309 Wertsville Road, Ringoes, New Jersey, and it lists Nationstar's predecessor as the third mortgage. Farm Credit East's proof of claim claims to hold the first and second mortgages and attaches a copy of each. Debtor's Plan and Disclosure Statement both clearly set forth that upon the sale

TEICH GROH

Honorable Christine M. Gravelle
Page 2
December 17, 2013

of the subject property, Nationstar will be paid the net proceeds **after** the first and second mortgages, as well as closing costs, including taxes and counsel fees, and administrative expenses are paid.

Nationstar's objection to the Plan was without merit, as it objected on Chapter 13 rules. Significantly, Nationstar's objection did not raise the issue of the priority of its claim.

Debtor's Plan was confirmed in February of 2013. No appeal was filed. The Order of Confirmation became a final order.

It has long been the law in the Third Circuit that a confirmed order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation. In re Szostek, 886 F. 2d. 1405, 1408 (3rd Cir. 1989). Quoting In re Penn Central Transportation Company, 771 F. 2d 762, 767 (3rd Cir. 1985), the Szostek court explained:

> The purpose of bankruptcy law and the provisions
> of reorganization could not be realized if the
> discharge of debtors were not complete and
> absolute; that if courts could relax provisions of
> the law and facilitate the assertion of old claims
> against discharge and reorganized debtors, the
> policy of the law would be defeated; that creditors
> would not participate in reorganization if they
> could not feel that the plan was final, and that
> it would be unjust and unfair to those who had
> accepted and acted upon a reorganization plan
> if the court were thereafter to reopen the plan
> and change the conditions which constituted
> the basis of its earlier acceptance.

This binding effect is true in the context in 11 cases, and whether or not the creditor has accepted the plan. See, for example, Donaldson v. Bernstein, 104 F. 3d 547, 554 (3rd Cir. 1997), which cites the Szostek case, and In re Earned Capital Corp., 331 B.R. 208, 226 (Bankr. W.D. Pa. 2005).

TEICH GROH

Honorable Christine M. Gravelle
Page 3
December 17, 2013

Thus, the Debtor urges the Court that it is too late for Nationstar to raise the issue of the priority of its lien.

Further, Farm Credit East's mortgages remain open of record. They have not been discharged of record. Finally, the Debtor's Plan would be eviscerated if Nationstar succeeds in its objection. If Farm Credit East is not paid, there will not be sufficient equity in the Debtor's other properties to pay the unsecured creditors in accordance with the Plan. The Debtor respectfully requests, therefore, the Court overrule Nationstar's objection and grant the Debtor's Motion as filed.

                Respectfully submitted,

                TEICH GROH
                Attorneys for Debtor, Liza Price Rappaport

By:   */s/Carol L. Knowlton*
       Carol L. Knowlton

CLK/aw